IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERRY BRADWAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-CV-0368-JHP-FHM |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the Court are Defendant's Motion for Summary Judgment, [Doc. No. 39]; Plaintiff's Response in Opposition thereto, [Doc. No. 51]; and Defendant's Reply to Plaintiff's Response, [Doc. No. 54]. After review of the briefs, and for the reasons stated below, Defendant's Motion for Summary Judgment is **GRANTED.**

**BACKGROUND**

**A. Procedural History**

On May 30, 2012, Plaintiff initiated this action by filing a complaint in the United States District Court for the Eastern District of Oklahoma. *Broadway v. U.S. Dept. of Health & Human Services*, No. 12-CV-239-SPS (E.D. Okla. filed May 30, 2012). The case was subsequently transferred to this Court on June 28, 2012. [Doc. No. 9]. On September 5, 2012, Plaintiff filed a Second Amended Complaint (the "Complaint"), asserting a negligence claim against Defendant. [Doc. No. 17]. In the Complaint, Plaintiff claimed to sue "to address two main issues; (1) the personal injuries suffered due to subsequent necessary medical testing resulting from the negligence of her dental care providers at the Sam Hider Health Center . . . ; and (2) the

1

emotional distress negligently caused by the federal employees at Sam Hider due to their breach of duty to prevent exposure of Plaintiff to blood-borne pathogens." [*Id*. at 1].

**B.  Factual Background**

On July 21, 2010, Plaintiff received a dental cleaning from the staff at the Sam Hider Health Center ("SHHC"), under the care of Dental Hygienist, R. Mignon Loop.  Prior to Plaintiff's dental cleaning appointment, SHHC experienced a failure in the sterilization process used to clean some of the dental equipment at SHHC, leaving some of the equipment under-sterilized.  There is no evidence, however, that under-sterilized equipment was used during Plaintiff's cleaning appointment on July 21, 2010, or that Plaintiff was otherwise exposed to blood-borne pathogens at that time.

Administrators at SHHC discovered the failure in the sterilization process on July 22, 2010.  Immediately thereafter, SHHC halted treatment and investigated the situation.  The investigation revealed that a single load of instruments placed in one of the sterilizer units had not completed the sterilization process.  Because the instruments had been through six steps of the seven-step sterilization process, the risk of patient exposure to blood-borne pathogens was minimal.  Nevertheless, after isolating the sterilization failure to a single load, SHHC administrators decided to notify all potentially affected patients, no matter how negligible the risk of exposure, of the incident.

On the evening of July 22, 2010, Plaintiff was contact by a SHHC representative, Dr. Hacker, who informed her of the potential risk of exposure, and encouraged her to come in for a testing and treatment appointment as soon as possible.  Although SHHC representatives made substantial efforts to accommodate Plaintiff's schedule, Plaintiff elected to decline SHHC offer to provide testing and treatment.  Instead, Plaintiff told another SHHC representative, Dr.

Phillips, that she wanted to consult her private physician in Claremore, Oklahoma. There is no evidence that Plaintiff was ever told by anyone that she had actually been exposed to blood-borne pathogens or under-sterilized dental instruments.

## DISCUSSION

As a general rule, summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). An issue is genuine if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.* In making this determination, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. Thus, the inquiry for this Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52.

**A. Negligence[1]**

In a FTCA action, the court applies the law of the place where the alleged negligence occurred. *Austin v. U.S. ex rel. Dept. of Health and Human Services,* 16 F.3d 415 (10th Cir. 1993). "In Oklahoma three elements are essential to establish a prima facie case of medical negligence. These are '(1) a duty owed by the defendant to protect the plaintiff from injury, (2) a failure to properly exercise or perform that duty and (3) the plaintiff's injuries are proximately

---

[1] The Court declines to address Plaintiff's arguments regarding allegedly negligent acts of Defendant relating to communications, for which Plaintiff did not exhaust her administrative remedies or allege in her complaint, because Plaintiff did not properly raise these issues. To consider these contentions at this late stage in the litigation would be unfairly prejudicial to Defendant, who had no opportunity to raise and prepare any applicable affirmative defenses to these claims.

caused by the defendant's failure to exercise his duty of care.'" *McKellips v. Saint Francis Hospital, Inc.,* 741 P.2d 467, 470 (Okla. 1987). Defendant argues that Plaintiff has failed to present evidence sufficient meet her burden with regard to establishing that Defendant breached any duty it owed to Plaintiff. The Court agrees.

Plaintiff must present evidence establishing that she was treated with under-sterilized dental equipment or otherwise exposed to blood-borne pathogens in order to establish the second element of her negligence claim. Plaintiff argues that

> Based on the Plaintiff's recollection of the facts, it is entirely plausible that the instruments used on her could have been sterilized in Sterilizer 1 (the Sterilizer that the Defendant has admitted did not fully sterilize instruments) because they were not contained in a metal "cassette" when they were opened in her presence. As such, there is a dispute as to the material fact regarding the sterilization of the instruments used on the Plaintiff. To date, the Defendant has not provided any additional evidence substantiating the concept that the instruments used on the Plaintiff on July 21, 2010 were not sterilized in Sterilizer 1 other than the testimony of Ms. Loop.

[Doc. No. 51, 16]. Plaintiff argument, however, improperly places the burden on Defendant to come forward with evidence to demonstrate the Plaintiff was not exposed to blood-borne pathogens. Further, Plaintiff attempts to meet her burden by demonstrating that it is "plausible" that Defendant breached its duty to Plaintiff.

It is clearly established that "[a] defendant need not prove a negative when it moves for summary judgment on an issue that the plaintiff must prove at trial." *Parker v. Sony Pictures Entertainment, Inc.*, 260 F.3d 100, 111 (2d Cir. 2001); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Elkins v. Richardson-Merrell*, *Inc.*, 8 F.3d 1068, 1071 (6th Cir. 1993) ("Because Merrell does not bear the ultimate burden of persuasion on the causation issue, Merrell need only point out the lack of a genuine issue regarding causation."); *Rambarran v. Bank of America, N.A.*, 609 F. Supp. 2d 1253, 1256 (S.D. Fla. 2009) ("When the motion is filed by a defendant and addresses the adequacy of plaintiff's causes of action, the defendant's burden

4

is not to produce evidence negating the existence of material facts; rather, the burden is to point out the absence of evidence supporting the nonmoving party's case."); *Plummer v. District of Columbia*, 596 F. Supp. 2d 70, 74 (D.D.C. 2009) ("The defendant's burden as the moving party may be discharged by showing an absence of evidence in support of the plaintiff's case."). Instead, a defendant "need only point to an absence of proof on plaintiff's part, and, at that point, plaintiff must designate specific facts showing that there is a genuine issue for trial." *Id.*

After carefully reviewing the evidence in the record, the Court finds that Plaintiff has failed to meet her burden with regard to establishing that Defendant breached a duty owed to Plaintiff by exposing her to blood-borne pathogens. The Court finds that Plaintiff has failed to present evidence sufficient to establish that Ms. Loop used under-sterilized instruments on her during her July 21, 2010 dental cleaning appointment. Accordingly, Plaintiff's negligence claim must be dismissed.

## CONCLUSION

After review of the briefs, and for the reasons outlined above, Defendant's Motion for Summary Judgment is **GRANTED.**

_____
James H. Payne
United States District Judge
Northern District of Oklahoma